UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAYVON BOATMAN,

        Plaintiff,

vs.                       Case No. 3:11-cv-1002-J-12MCR

M. OLIVER, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, a former inmate of the Florida penal system who is now a civil detainee at the Florida Civil Commitment Center, initiated this action by filing a *pro se* Complaint (Doc. #1) on October 5, 2011.[1] He is proceeding on an Amended Complaint (Doc. #21), in which he names the following employees at Florida State Prison (hereinafter FSP) as Defendants: (1) Sergeant M. Oliver; (2) Sergeant Shemer; (3) Dr. Elio Madan; (4) Dr. Victor Selyutin; and (5) Lieutenant W. Wright.

Plaintiff contends that while he was confined at FSP on May 17, 2007, Sergeant Oliver and Correctional Officer Shemer beat Plaintiff without provocation while he was handcuffed. Plaintiff also claims that Defendants Shemer, Oliver and Wright denied Plaintiff's requests for medical attention between May 17, 2007,

---

[1] Giving Plaintiff the benefit of the mailbox rule, the Court finds that the Complaint was filed on the date Plaintiff signed it and presumably handed it to authorities at the Civil Commitment Center for mailing to this Court.

and May 20, 2007. Plaintiff alleges that on May 17, 2007, Defendants Madan and Selyutin acted in concert with unspecified individuals to deny Plaintiff medical care for his injuries. Plaintiff also asserts that on May 17, 2007, Defendants Shemer and Oliver, together with other unnamed officers, fabricated records to cover up the assault and other unspecified retaliatory acts. Finally, Plaintiff contends that the Defendants took other retaliatory action after Plaintiff complained of the beating and lack of medical care. He does not specifically allege when this retaliation occurred, but states, "Plaintiff was also exposed to continuing retaliatory actions and abuse at the hands of the said Defendants. 2008-[.]" Amended Complaint at 10, paragraph 9.

Plaintiff seeks to proceed in this action in forma pauperis. Thus, despite the fact that Plaintiff is no longer incarcerated, the Court is required to review the Amended Complaint to determine whether it is frivolous, malicious or fails to state a claim upon which relief may granted.[2] See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

---

[2] See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (per curiam) (finding that the district court did not err in dismissing a § 1983 complaint under the in forma pauperis statute for failure to state a claim, where the complaint challenging the conditions of confinement of a civilly committed detainee failed to assert facts regarding each particular defendant's involvement in the alleged violations).

2

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Furthermore, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See

L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

Although 42 U.S.C. § 1983 does not have a statute of limitations provision, the courts look to the limitation periods prescribed by the state in which the litigation arose. In all § 1983 actions, the state limitations statute governing personal injury claims should be applied. See Wilson v. Garcia, 471 U.S. 261, 276-79 (1985); Mullinax v. McElhenney, 817 F.2d 711, 716 n.2 (11th Cir. 1987).

> The applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries. See Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (stating that state statutes of limitations for personal injuries govern § 1983); Baker v. Gulf & Wester Industries, Inc., 850 F.2d 1480, 1482 (11th Cir. 1988) (stating that Fla. Stat. Ann. § 95.11(3) provides for a four-year limitations period for personal injuries).

Omar ex. re. Cannon v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) (appendix).

As stated above, the majority of Plaintiff's claims arise from events that allegedly occurred between May 17, 2007, and May 20, 2007. However, Plaintiff did not initiate this action until October 5, 2011. Thus, these claims are barred by the statute of limitations and are due to be dismissed as frivolous. See Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th

Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").

The claims of retaliation that allegedly occurred in 2008 are not barred by the statute of limitations, but are subject to dismissal because they are vague and conclusory. Plaintiff merely claims that the Defendants took retaliatory action when Plaintiff filed grievances against them. Amended Complaint at 15. He contends that "[s]uch actions included the removal of hand written instruments from Plaintiff's possession, [and] disposal of written administrative complaints that Plaintiff attempted to file[.]" Id. He also appears to argue that the Defendants denied him medical care, tried to cover up the May 17, 2007 incident, interfered with his filing of grievances and otherwise abused him. Id. at 15-18. However, despite being given the opportunity to amend and receiving instructions on how to adequately raise his claims, see the Court's Orders (Doc. #3 and Doc. #24), he does not state with sufficient specificity the nature of these retaliatory actions, when they occurred[3] or which Defendants participated in such actions. Thus, these vague and conclusory retaliation claims will be dismissed.

---

[3] Plaintiff identifies the dates of some of the allegedly retaliatory actions. See Amended Complaint at 15-18, paragraphs 41, 43, 44, 45, 46 and 49 (identifying retaliatory acts that allegedly occurred between March 5, 2007, and June 6, 2007). However, all of these claims are barred by the four-year statute of limitations.

5

As stated previously, this Court gave Plaintiff the opportunity to amend. On April 11, 2012, the Court ordered Plaintiff to file a second amended complaint on or before May 4, 2012. Plaintiff failed to timely comply with this order; however, on May 10, 2012, he filed a motion for an extension of time to file his second amended complaint. On May 22, 2012, the Court granted the motion, and ordered Plaintiff to file his second amended complaint on or before June 8, 2012. Plaintiff failed to timely comply with this order; however, on June 18, 2012, he filed a motion for an extension of time to file his second amended complaint. On June 19, 2012, the Court granted the motion, and ordered Plaintiff to file his second amended complaint on or before August 1, 2012. Further, the Court notified Plaintiff that failure to do so would result in the dismissal of this action without further notice. As of the date of this Order, Plaintiff has not responded. Thus, this case will also be dismissed for Plaintiff's failure to prosecute.

Accordingly, for all of the above-stated reasons, this case will be dismissed without prejudice. Therefore, it is now

**ORDERED:**

1. This case is **DISMISSED WITHOUT PREJUDICE,** and the Clerk of the Court shall enter judgment dismissing this case without prejudice.

6

2. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of August, 2012.

_____
United States District Judge

ps 8/7
c:
Rayvon Boatman